IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RAMON MONTIGUE CURRY,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     Case No. CIV-24-658-SLP |
| | ) |
| **JACKSON COUNTY SHERIFF'S OFFICE[1],** | ) |
| | ) |
|     **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se,* has filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. United States District Judge Scott L. Palk has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

In accordance with that referral, the undersigned reviewed the Plaintiff's filings. On July 17, 2024, the Court ordered Plaintiff to cure the deficiencies within his initiating document and his Application (Motion) for leave to Proceed in Forma Pauperis. Plaintiff's deadline was July 31, 2024. *See* ECF No. 5. To date, Plaintiff has not complied with the Court's directive to submit the required additional financial statements and certifications. On July 24, 2024, Plaintiff did submit an Amended Complaint. (ECF No. 6). In its Order

---

[1] The style of the Complaint as listed on page one of Plaintiff's initial filing reflected "The State of Oklahoma v. Ramon Montigue Curry." The style of Plaintiff's Amended Complaint now correctly reflects Mr. Curry as Plaintiff but now names the Jackson County Sheriff's Office, Oklahoma Supreme Court Network and Altus Police Department. Compare ECF No. 1 to ECF No. 6.

the Court advised the Plaintiff that the requirement that Plaintiff submit financial information certified by the appropriate prison official is mandatory. As directed in the Order the Clerk of Court forwarded to the Plaintiff the necessary forms to comply. *See* ECF No. 5 and Staff Notes dated 7/17/2024.

A review of the court file indicates that as of this date, the Plaintiff has failed to cure the deficiencies related to his Motion for leave to Proceed *in Forma Pauperis* (IFP), show good cause for his failure to do so, or request an extension of time to comply with the Court's order. Despite his partial compliance by filing an Amended Complaint (ECF No. 6), Plaintiff has not responded to the Court's order to cure his IFP Motion in any way. Further, there is no indication from the docket that Plaintiff did not receive the Court's previous Order which was mailed to Plaintiff's address of record. *See Id*; LCvR 5.4.(a).

The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that this action be **DISMISSED without prejudice** for Plaintiff's failure to comply with this Court's orders.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 3, 2024**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation terminates the referral to the undersigned magistrate judge in the captioned matter.

ENTERED on August 14, 2024.

*[signature]*

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE